# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-384V
Filed: November 13, 2020
UNPUBLISHED

|  |  |
|---|---|
| MARILYN DIXON HILL,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Special Master Horner<br><br>Motion to Dismiss Denied; Lookback Provision; Vaccine Act Section 16(b); Guillain Barre Syndrome (GBS); Chronic Inflammatory Demyelinating Polyneuropathy (CIDP) |

*Gregory Steven Spizer*, Anapol Weiss, Philadelphia, PA, for petitioner.
*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for respondent.

## Order Denying Motion to Dismiss[1]

On March 13, 2019, petitioner, Marilyn Dixon Hill, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012)[2], alleging that she suffered Guillain Barre Syndrome ("GBS") and Chronic Demyelinating Polyneuropathy ("CIDP") following receipt of her November 10, 2010 influenza ("flu") vaccination.  (ECF No. 1, p. 1.)  Because this case was filed more than three years from the date of the first manifestation of petitioner's injury, petitioner's claim is timely only if she can rely on the so called "lookback" provision afforded by Section16(b) of the Vaccine Act. That provision allows that "[i]f at any time the Vaccine Injury Table is revised and the effect of such revision is to permit an individual who was not, before such revision, eligible to seek compensation under the Program, or to significantly increase the likelihood of obtaining compensation, such person may . . . file a petition for such compensation not later than 2 years after the effective date of the revision." § 300aa–16(b).

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] Hereinafter, all references to "§300aa" refer to sections of the Vaccine Act.

Pertinent to this case, GBS was added to the Vaccine Injury Table on March 21, 2017.  *See* National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Final Rule, 82 Fed. Reg. 6294, Jan. 19, 2017; National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Delay of Effective Date, 82 Fed. Reg. 11321, Feb. 22, 2017 (delaying the effective date of the final rule until March 21, 2017).  However, respondent has moved to dismiss, arguing that petitioner's injury does not constitute a Table Injury of GBS and the addition of GBS to the Vaccine Injury Table therefore did not increase her likelihood of being compensated.[3] (ECF Nos. 39-40.)  For the reasons discussed below, respondent's motion is DENIED.

### I.   Applicable Legal Standard for Motions to Dismiss

Although the Vaccine Act and the Vaccine Rules contemplate case dispositive motions (*see* §300aa-12(d)(2)(C-D); Vaccine Rule 8(d)), the dismissal procedures included within the Vaccine Rules do not specifically include a mechanism for a motion to dismiss (*see* Vaccine Rule 21).  However, Vaccine Rule 1 provides that for any matter not specifically addressed by the Vaccine Rules the special master may regulate applicable practice consistent with the rules and the purpose of the Vaccine Act.  (Vaccine Rule 1(b).)  Vaccine Rule 1 also provides that the Rules of the Court of Federal Claims ("RCFC") may apply to the extent they are consistent with the Vaccine Rules.  (Vaccine Rule 1(c).)

Accordingly, there is a well-established practice of special masters entertaining motions to dismiss in the context of RCFC 12(b)(6), which allows the defense of "failure to state a claim upon which relief can be granted" to be presented via motion.[4]  *See, e.g.*, *Herren v. Sec'y of Health & Human Servs.*, No. 13-1000V, 2014 WL 3889070 (Fed. Cl. Spec. Mstr. July 18, 2014); *Bass v. Sec'y of Health & Human Servs.*, No. 12-135V, 2012 WL 3031505 (Fed. Cl. Spec. Mstr. June 22, 2012); *Guilliams v. Sec'y of Health & Human Servs.*, No. 11-716V, 2012 WL 1145003 (Fed. Cl. Spec. Mstr. Mar. 14, 2012); *Warfle v. Sec'y of Health & Human Servs.*, No. 05-1399V, 2007 WL 760508 (Fed. Cl. Spec. Mstr. Feb. 22, 2007).

Under RCFC 12(b)(6), a case should be dismissed "when the facts asserted by the claimant do not entitle him to a legal remedy."  *Extreme Coatings, Inc. v. United States*, 109 Fed Cl. 450, 453 (2013) (quoting *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed Cir. 2002)).  In considering a motion to dismiss under RCFC 12(b)(6),

---

[3] Respondent filed his motion on October 16, 2020, along with his Rule 4 Report. (ECF Nos. 39-40.) The motion itself is a single sentence adopting the arguments raised in the Rule 4 Report as the basis for dismissal. (ECF No. 40.) Petitioner filed her response on October 30, 2020. (ECF No. 41.) Respondent filed no reply.

[4] Moreover, it has been observed that the standards for pleading in the Vaccine Program are similar to the standards for pleading in traditional civil litigation such that application of Rule 12(b)(6) is appropriate. *E.g.*, *Herren*, 2014 WL 3889070, at *1. RCFC 12(b)(6) generally mirrors its counterpart from the Federal Rules of Civil Procedure and cases applying Fed. R. Civ. P. 12 are often considered persuasive in discussing RCFC 12. *E.g. Duffy v. United States*, 120 Fed. Cl. 55, n. 9 (2015).

allegations must be construed favorably to the pleader. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, the pleading must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Golden v. United States*, 137 Fed. Cl. 155, 169 (2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"To determine whether a complaint states a plausible claim for relief, the court must engage in a context-specific analysis and 'draw on its judicial experience and common sense.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679). However, "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Nonetheless, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In assessing motions to dismiss in the Vaccine Program, special masters have concluded that they "need only assess whether the petitioner could meet the Act's requirements and prevail, drawing all inferences from the available evidence in petitioner's favor." *Herren*, 2014 WL 3889070, at *2; *see also Warfle*, 2007 WL 760508, at *2.

## II.     Resolving Respondent's Motion

The petition in this case did not specifically invoke a Table injury of GBS; however, it does allege that petitioner suffered GBS the onset of which would be consistent with the time period for a Table injury. In her motion response petitioner specifically asserted that her injury does meet the definition of a Table GBS. (ECF No. 41, pp. 12-14.) Although respondent has challenged the presence of a Table injury based on certain notations in the medical record, most notably those suggesting her condition was not monophasic and that treating physicians opined that petitioner suffered CIDP (an exclusionary diagnosis) rather than GBS, petitioner has also cited contradictory notations suggesting that petitioner did experience a monophasic course diagnosed as GBS and that, while CIDP was considered, it was not the ultimate diagnosis. (*Id.* at 12-15.)

According to respondent's recitation of the facts, petitioner received her flu vaccination on November 10, 2010, and first reported paresthesia and weakness seven days later. (ECF No. 39, p. 3 (citing Ex. 2, p. 63.) Petitioner's initial diagnosis was GBS. (Ex. 2, pp. 63, 179; Ex. 7, pp. 144-46.) However, after her hospital discharge, her neurologist, Dr. Mabanta, later began to suspect CIDP rather than GBS. (Ex. 7, pp. 136, 138, 141, 146.) After a nine-month gap in treatment, Dr. Mabanta began recording petitioner's presenting diagnosis as CIDP. (Ex. 3, p. 3.) Petitioner stresses in her response, however, that she subsequently sought a second opinion from a different neurologist, Dr. Leitch, and she felt that petitioner had suffered GBS and not CIDP. (ECF No. 41, pp. 9-10 (citing Ex. 9, pp. 23-29, 52.) Subsequently, a third neurologist, Dr. Chen, included both GBS and CIDP in a differential diagnosis along with diabetic neuropathy. (Ex. 10, pp. 13-18.)

3

Treating physician opinions are not sacrosanct. *Snyder v. Sec'y of Health & Human Servs.*, 88 Fed.Cl. 706, 745 n.67 (2009). In determining eligibility to compensation, a special master must consider the diagnoses, conclusions and medical judgments reflected in the medical records; however, "[a]ny such diagnosis, conclusion, judgment, test result, report, or summary shall not be binding on the special master or court." 42 U.S.C. § 300aa-13(b)(1). The opinions or diagnoses of treating physicians are only as trustworthy as the reasonableness of their suppositions or bases. The views of treating physicians should also be weighed against other, contrary evidence also present in the record—including conflicting opinions among such individuals. *Hibbard v. Sec'y of Health & Human Servs.*, 100 Fed.Cl. 742, 749 (2011) (finding that it was not arbitrary nor capricious for the special master to weigh competing conclusions by petitioner's treating physicians against each other), *aff'd*, 698 F.3d 1355 (Fed. Cir. 2012); *Caves v. Sec'y of Health & Human Servs.*, 100 Fed.Cl. 119, 136 (2011), aff'd, 463 Fed.Appx. 932 (Fed. Cir. 2012); *Veryzer v. Sec'y of Health & Human Servs.*, No. 06–522V, 2011 WL 1935813, at *17 (Fed. Cl. Spec. Mstr. Apr. 29, 2011), *mot. for review den'd*, 100 Fed.Cl. 344, 356 (2011), *aff'd without opinion*, 475 Fed.Appx. 765 (Fed. Cir. 2012). Moreover, the Vaccine Act allows that a petitioner may support her claim by either medical records or medical opinion. 42 U.S.C. § 300aa-13(b)(1).

Given the conflicting opinions of the treating physicians and drawing all inferences in petitioner's favor, it remains possible that petitioner can provide additional expert medical opinion establishing that she more likely than not suffered a course of GBS consistent with the a Table injury rather than CIDP, rendering moot respondent's legal argument favoring dismissal. The further question of whether a causation-in-fact claim for GBS can rely on the lookback provision for the March 21, 2017 Table revision has been subject to competing determinations. *Randolph v. Sec'y of Health & Human Servs.*, No. 18-1231V, 2020 WL 542735, (Fed. Cl. Spec. Mstr. Jan. 2, 2020); *Simpson v. Sec'y of Health & Human Servs.*, No. 17-944V, *slip op.* (Fed. Cl. Spec. Mstr. Aug. 7, 2019). However, because this motion resolves on the basis that there is still the potential for a Table injury claim in this case, it is not necessary to reach that question. If after further litigation all triable issues of fact relative to that potential Table claim are resolved, respondent may test his legal theory by filing a motion for summary judgment consistent with Vaccine Rule 8(d).

### III. Conclusion

For the reasons discussed above, respondent's motion is DENIED.

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master