# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-384V
Filed: January 8, 2025

| | |
|---|---|
| MARILYN DIXON HILL,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Special Master Horner |

*Emily Beth Ashe,* Anapol Weiss, Philadelphia, PA, for Petitioner.
*Madelyn Weeks,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 13, 2019, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barre Syndrome ("GBS"), acute inflammatory demyelinating polyneuropathy ("AIDP"), and Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"), after receiving an influenza vaccination on November 10, 2010. On October 13, 2023, the parties filed a proffer, which I adopted as my decision awarding compensation on the same day. (ECF Nos. 92-93.)

On April 15, 2024, petitioner filed a motion for attorneys' fees and costs. (ECF No. 98.) ("Fees App."). Petitioner requests attorneys' fees in the amount of $65,252.50 and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

attorneys' costs in the amount of $14,367.00. Fees App. at 5. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. Fees App. Ex. C at 1. Thus, the total amount requested is $79,620.11. On April 17, 2024, respondent filed a response to petitioner's motion. (ECF No. 99.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent further states, "[t]o the extent petitioner is requesting higher expert hourly rates than what has typically been awarded in the past, respondent submits that the Court should reserve the highest rates for the most qualified experts opining on the most complex medical issues . . . ." and requesting that the Court "continue to make case-by-case determinations about a reasonable hourly rate, based upon the work performed, and any revised expert hourly rate ceiling should reflect the unique character of the Vaccine Program." *Id*. at 3-4. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably

comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

Petitioner requests the following rates of compensation for her attorneys at Anapol Weiss: for Ms. Emily B. Ashe, $290.00 per hour for work performed in 2020, $310.00 per hour for work performed in 2020, $330.00 per hour for work performed in 2021, $350.00 per hour for work performed in 2022, $370.00 per hour for work performed in 2023, and $390.00 per for work performed in 2024; for Mr. Lawrence R. Cohan, $440.00 per hour for work performed in 2018, and $450.00 per hour for work performed in 2019; for Mr. Gregory S. Spizer, $380.00 per hour for work performed in 2019, $400.00 per hour for work performed in 2020 and 2021; for Ms. Miriam Barish, $380.00 per hour for work performed in 2021, and $420.00 per hour for work performed in 2024; and for Mr. David J. Carney, $290.00 per hour for work performed in 2017, and $315.00 per hour for work performed in 2018. Additionally, petitioner requests the following rates of compensation for paralegals: for Leah Amen, $135.00 per hour for work performed in 2017 and 2018, $145.00 per hour for work performed in 2019; for Edna Robels, $130.00 per hour for work performed in 2019, and $140.00 per hour for work performed in 2020, for Kiersten McMonagle, $130.00 per hour for work performed in 2021; and for Kelly Drake, $125.00 per hour for work performed in 2021, $130.00 per hour for work performed in 2022, $135.00 per hour for work performed in 2023, and $145.00 per hour for work performed in 2024. Finally, petitioner requests compensation for a law clerk at a rate of $135.00 per hour for work performed in 2018. These rates are consistent with what counsel & support staff have previously been awarded for their Vaccine Program work and I find them to be reasonable herein.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable

to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall number of hours billed appears to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. I do not find any of the entries to be objectionable, nor has respondent identified any as such. Petitioner is therefore awarded final attorneys' fees of $65,252.50.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $14,367.00 in attorneys' costs comprised of acquiring medical records, the Court's filing fee, postage, legal research fees, subpoena fees, and transcription services. Fees App. Ex. B at 1-2. These administrative costs are typical in Vaccine Program cases and were reasonably incurred in this matter.

Petitioner also requests reimbursement for expert services provided by Dr. Frederick Nahm for 18.12 hours at a rate of $600.00 per hour, totaling $10,870.00. Fees App. Ex. B at 51. In the Fees App., petitioner's counsel explained "While Petitioner's counsel is aware that Dr. Nahm has previously been awarded $500.00/hour for his work in other cases (*see e.g. Karapetian v. HHS*, 19-546V, (May 9, 2022) and *Sanchez v. HHS*, 18-1012V, (November 18, 2022)), Dr. Nahm is seeking an increase in his hourly rate in this case given that after the Court denied Respondent's Motion to Dismiss (doc. no. 40) and Petitioner filed Dr. Nahm's expert report (doc. no 45) and supplemental expert report (doc. no. 60) were filed, Respondent conceded causation (doc. no. 76) and a Ruling on Entitlement was issued." Fees App. at 5.

While I make no determination regarding the reasonableness of Dr. Nahm's requested rate of $600.00 per hour, as petitioner noted, it exceeds what he has been previously awarded for similar work performed in 2020 and 2021. Dr. Nahm has consistently been awarded $500.00 per hour for his work in the Vaccine Program performed in 2021 and earlier. *See, e.g. McConnell v. Sec'y of Health & Human Servs.*, No. 18-1051V, 2024 WL 1617309, at *2 (Fed. Cl. Spec. Mstr. Feb. 1, 2024); *Karapetian v. Sec'y of Health & Human Servs.*, No. 19-546V, 2022 WL 1865083, at *3 (Fed. Cl. Spec. Mstr. May 9, 2022); *Gibson v. Sec'y of Health & Human Servs.*, No. 18-263V, 2021 WL 1010729 (Fed. Cl. Spec. Mstr. Feb. 23, 2021). Accordingly, I will reduce Dr. Nahm's rate from $600.00 to $500.00 per hour for the expert services performed in 2020 and 2021 in this case. This results in a reduction of **$1,812.00**.[3] This reduction does not preclude an increase in Dr. Nahm's rate in the future.

---

[3] This amount is calculated as: ($600.00 - $500.00) x 18.12 hours = $1,812.00

## II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and find that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and her counsel as follows: **a lump sum in the amount of $77,808.11, representing reimbursement for petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).